IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD M. PROFFITT, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00276 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| WESTERN VIRGINIA REGIONAL ) | By:  Robert S. Ballou |
| JAIL, et al., ) | United States District Judge |
|     Defendants. ) | |

    Richard M. Proffitt, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 against the defendants for deliberate indifference to his safety needs and to his need for medical care, arising from injuries he sustained when assaulted by other inmates at the Western Virginia Regional Jail.  He has also filed a motion for emergency injunctive relief, seeking transfer out of the Regional Jail and a temporary restraining order against all Wellpath Staff (who provide medical care to those in custody at the jail) and all correctional staff at the jail.  For the reasons stated below, the motion for emergency injunctive relief will be denied.

    Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly.  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991).  The party seeking the injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  The moving party must satisfy all four requirements, and the injunctive relief can only be granted on a clear showing of entitlement to relief.  *Id.* at 22.

Proffitt's motion for transfer out of the Regional Jail is moot. Less than two weeks after he filed the motion, Proffitt advised the court that he had been transferred to Nottoway Correctional Center. On September 25, 2023, he advised the court that he had been transferred to Bland Correctional Center. He is no longer in the Regional Jail, and there is no need to order his transfer.

Next, his request for a restraining order against all Wellpath staff and all corrections staff at the Regional Jail is overbroad, seeking relief against individuals who are not before the court in this case. Although some of the defendants work for Wellpath and some of the defendants work for the Regional Jail, Proffitt did not name every employee of Wellpath and every employee of the jail as defendants in his suit, nor has he alleged that all such unnamed employees are "in active concert or participation" with the named defendants sufficiently for a court order in this case to be binding on them. *See* FED. R. CIV. P. 65(d)(2) (explaining who may be bound by an injunction).

Nor has Proffitt shown that he is entitled to relief under the *Winter* factors discussed above. In particular, he has not made any showing that a denial of injunctive relief will cause him irreparable harm, especially now that he is not at the Regional Jail. The allegations of past harm in his complaint are not sufficient to demonstrate an imminent danger of future irreparable harm. *Winter*, 555 U.S. at 22.

Proffitt's motion for emergency injunctive relief (ECF No. 19) is **DENIED.**

Enter: January 5, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge

2